■ In the Matter of ANTHONY H., Appellant; ADAM KARPATI, Respondent. [919 NYS2d 214]—

The appellant, Anthony H., suffers from schizophrenia with cannabis abuse. The instant petition was filed on January 26, 2010, seeking an order directing Anthony H. to comply with assisted outpatient treatment (hereinafter AOT). The petition alleged that Anthony H. had been hospitalized multiple times as a result of failing to take his medication. At the ensuing hearing, the petitioner submitted hospital records which demonstrated that Anthony H. was hospitalized on April 20, 2007, and again on November 5, 2008, as a result of his failure to take his medication. Anthony H. moved, in effect, to dismiss the petition on the ground that these records were inadmissible hearsay. The Supreme Court denied the motion, and in a resettled order and judgment dated May 19, 2010, the Supreme Court, finding that Anthony H. met all of the criteria for AOT, granted the petition and directed him to comply with an AOT program for a period of six months. Anthony H. appeals.

Initially, we decline to dismiss the appeal as academic. Generally, an appeal "will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003], *cert denied* 540 US 1017 [2003]). But an exception to the mootness doctrine permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered

otherwise nonreviewable (*see Matter of M.B.*, 6 NY3d 437, 447 [2006]).

Here, the resettled order and judgment dated May 19, 2010, has already expired by its own terms. Although the appeal from the resettled order and judgment generally would be academic, the issues raised on appeal fit within the mootness exception. There is an issue as to whether the diagnoses in Anthony H.'s medical records, stating that his hospitalizations resulted from his failure to take his medication, constituted admissible evidence to support the AOT order. This issue has a likelihood of repetition, either between the petitioner and Anthony H. due to his chronic mental illness, or between the petitioner and other patients who may be the subject of AOT proceedings. In addition, this issue would typically evade appellate review, as AOT orders have a maximum duration of six months unless extended by a subsequent court order (*see* Mental Hygiene Law § 9.60 [j] [2]; [k]). Further, the issue raised on appeal has not been the subject of prior appellate review and is substantial and novel (*see Mental Hygiene Legal Servs. v Ford*, 92 NY2d 500, 505-506 [1998]; *Matter of Gail R. [Barron]*, 67 AD3d 808, 811 [2009]).

Mental Hygiene Law § 9.60, commonly known as Kendra's Law, was enacted to provide "a system of assisted outpatient treatment (AOT) pursuant to which psychiatric patients unlikely to survive safely in the community without supervision may avoid hospitalization by complying with court-ordered mental health treatment" (*Matter of K.L.*, 1 NY3d 362, 366 [2004]). Among other things, the statute requires the petitioner to prove, by clear and convincing evidence, that the patient "has a history of lack of compliance with treatment for mental illness that has . . . at least twice within the last thirty-six months been a significant factor in necessitating hospitalization" (Mental Hygiene Law § 9.60 [c] [4] [i]). Here, the petitioner presented medical records which contained diagnoses that Anthony H.'s hospitalizations were caused by his failure to take his medication. Contrary to Anthony H.'s contention, these records were admissible under the business record exception to the hearsay rule, because the diagnoses were relevant to his treatment, and could be used to develop a discharge plan that would ensure his safety (*see People v Ortega*, 15 NY3d 610, 615-620 [2010]; *cf. Ginsberg v North Shore Hosp.*, 213 AD2d 592 [1995]). We do not address Anthony H.'s remaining contentions, which have been raised for the first time on appeal (*see generally Schehr v McEvoy*, 43 AD3d 899, 900 [2007]).

The Supreme Court therefore properly granted the petition. Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.