■ In the Matter of NORMAN BEZIO, as Superintendent of Great Meadow Correctional Facility, Respondent, v LEROY DORSEY, Appellant. [937 NYS2d 393]—

Spain, J.P.

We turn first to the threshold issue of mootness. The order authorizing the force feeding of respondent expired by its own terms on November 23, 2011. Further, after the order was issued, respondent was transferred to another facility and has been voluntarily consuming solid foods. Accordingly, respondent's contentions on appeal that are specific to this particular proceeding—i.e., his assertion that he should have been granted a continuance and his argument that the record did not support the finding that his life was at risk—are moot and will not be addressed (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of Anthony H. [Karpati]*, 82 AD3d 1240, 1240 [2011], *lv denied* 17 NY3d 708 [2011]). However, respondent also argues that, because he did not intend to kill himself, but only wanted to bring attention to his pleas to be relocated to another facility, the state did not have the right to force feed him. Because this issue (1) could easily recur, (2) will typically evade review even when the appeal is expedited, (3) is of public importance and (4) represents a substantial and novel issue not yet passed upon by this Court, the exception to the mootness doctrine applies and we will address it (*see Matter of Fosmire v Nicoleau*, 75 NY2d 218, 221 n 1 [1990]; *Matter of Anthony H. [Karpati]*, 82 AD3d at 1241).

In justifying its request for an order permitting it to force nutrition upon respondent, petitioner invokes the State's clear obligation to protect the health and welfare of its citizens (*see Matter of Fosmire v Nicoleau*, 75 NY2d at 227) and, more specifically, the Department's obligation to "protect the health and welfare of persons in its care and custody" (*Matter of Von Holden v Chapman*, 87 AD2d 66, 66-67 [1982]). Respondent contends that the State's interest does not outweigh his right to

make his own decisions regarding medical treatment. In the context of this proceeding, we cannot agree.

New York recognizes and has repeatedly reaffirmed the right of a competent adult to make decisions regarding his or her medical treatment, including a decision to decline life-sustaining treatment or other necessary medical care (*see Matter of Fosmire v Nicoleau*, 75 NY2d at 227-228; *Rivers v Katz*, 67 NY2d 485, 492 [1986]). This principle has not, however, been extended to situations where a person voluntarily takes affirmative steps to create a life-threatening condition and then declines medical treatment necessary to counteract his or her impending demise. Indeed, "[t]he State will intervene to prevent suicide" (*Matter of Fosmire v Nicoleau*, 75 NY2d at 227, citing Penal Law § 35.10 [4]). In New York, it is a crime to assist another in committing suicide (*see* Penal Law §§ 120.30, 125.15 [3]), and our courts have drawn a clear line between the right to decline medical treatment and the right to take one's life (*see Von Holden v Chapman*, 87 AD2d at 68, 70; *see also Vacco v Quill*, 521 US 793, 807-808 [1997]).

Further, at issue here is not the privacy interest of a free citizen, but of an inmate confined to a correctional facility. Along with the liberty interests obviously forfeited upon incarceration, an inmate's privacy rights are "necessarily limited by the realities of confinement and by the legitimate goals and policies of the correctional system" (*Matter of Doe v Coughlin*, 71 NY2d 48, 53 [1987], *cert denied* 488 US 879 [1988]; *see Turner v Safley*, 482 US 78, 87 [1987]; *Pell v Procunier*, 417 US 817, 822 [1974]). A prison regulation that impinges on an inmate's privacy right "is valid if it is reasonably related to [a] legitimate penological interest[ ]" (*Turner v Safley*, 482 US at 89). Where, as Supreme Court found here, an inmate's refusal to eat has placed that inmate at risk of serious injury and death, we hold—along with the majority of courts that have considered the issue—that the State's interest in protecting the health and welfare of persons in its custody outweighs an individual inmate's right to make personal choices about what nourishment to accept (*see Von Holden v Chapman*, 87 AD2d at 68-69; *see also Grand Jury Subpoena John Doe v United States*, 150 F3d 170, 172 [2d Cir 1998]; *Hill v Department of Corrections*, 992 A2d 933 [Pa 2010]; *People ex rel. Department of Corrections v Fort*, 352 Ill App 3d 309, 815 NE2d 1246 [2004]; *People ex rel. Illinois Dept. of Corrections v Millard*, 335 Ill App 3d 1066, 782 NE2d 966 [2003], *lv denied* 204 Ill 2d 682, 792 NE2d 313 [2003]; *Laurie v Senecal*, 666 A2d 806 [RI 1995]; *State ex rel. Schuetzle v Vogel*, 537 NW2d 358 [ND 1995]; *Commonwealth, Dept. of Pub. Welfare, Farview*

*State Hosp. v Kallinger*, 134 Pa Commw 415, 580 A2d 887 [1990], *appeal dismissed* 532 Pa 592, 615 A2d 730 [1992]; *In re Caulk*, 125 NH 226, 480 A2d 93 [1984]; *State ex rel. White v Narick*, 170 W Va 195, 292 SE2d 54 [1982]; *but see Singletary v Costello*, 665 So 2d 1099 [Fla 1996]; *Zant v Prevatte*, 248 Ga 832, 286 SE2d 715 [1982]).

Respondent does not directly dispute that the State has a compelling interest in preventing suicide, but argues that because he was not actually intending to cause his death, that interest is not implicated here. Respondent's motives, however, do not dilute the State's interest but, rather, his own. Indeed, by candidly admitting that his hunger strike was designed to manipulate the Department and that he would eat if he got what he wanted, i.e., transfer to another facility, respondent undermines any argument that the hunger strike was the exercise of any fundamental right.* Respondent certainly does not have a fundamental right to demand a specific diet—as he essentially did here by demanding a liquid nutritional supplement—absent a religious or medical need. Further, the Department's legitimate interest in maintaining rational and orderly procedures in its facilities is implicated where, as here, an inmate is attempting to manipulate the penal system.

Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Even if respondent's argument is construed as an asserted violation of his right to free speech—not directly asserted on appeal—that right is subject to reasonable limitations necessary for the maintenance of order and discipline in a penal institution (*see Pell v Procunier*, 417 US at 822) and must clearly give way to the State's right to prevent respondent from deliberately causing his own death (*see Von Holden v Chapman*, 87 AD2d at 70-71).