OPINION OF THE COURT
Gary F. Knobel, J.
This is a contested special proceeding commenced pursuant to Mental Hygiene Law § 9.60 for an order authorizing the continuation of assisted outpatient treatment (AOT) for respondent Joan W
There are three issues which the parties have asked the court to decide:
(1) whether particular statements which were made by non-parties to hospital personnel who recorded and included the statements in certain hospital records should be admitted into evidence;
(2) whether the subpoena ordered by this court, directing the respondent’s expert witness to produce a copy of the notes he made regarding his treatment of the respondent should be quashed; and
(3) whether the respondent should continue being under the auspices of a court-ordered assistant outpatient treatment plan.
The court reserved decision on the question presented by the first issue, which is one of apparent first impression: should the Court of Appeals holding in People v Ortega (15 NY3d 610 [2010]) — admitting into evidence hearsay statements by crime victims contained in a hospital record that pertain to medical *735 diagnosis and treatment of the victim — be expanded to hearings pursuant to article 9 of the Mental Hygiene Law where the hearsay statements are not made by the patient respondent but by, e.g., relatives or law enforcement personnel? This court answers the question in the affirmative, following the recent Appellate Division, Second Department, decision of Matter of Anthony H. (Karpati) (82 AD3d 1240 [2011]).
In People v Ortega (supra), the Court of Appeals, in an opinion authored by Chief Judge Lippman, addressed for the first time in many years the admissibility of hearsay statements contained in medical/hospital records pursuant to the business records exception to the hearsay rule (CPLR 4518 [a]). “Hospital records fall within the business records exception when they ‘reflect[ ] acts, occurrences or events that relate to diagnosis, prognosis or treatment or are otherwise helpful to an understanding of the medical or surgical aspects of . . . [the particular patient’s] hospitalization’ ” (People v Ortega, 15 NY3d 610, 617 [2010], quoting Williams v Alexander, 309 NY 283, 287-288 [1955]). One example would be how the patient was injured (id.). In the two cases before it, the Court evaluated the statements made by two crime victims, one informing medical personnel inter alia that she was strangled by an “old boyfriend,” and the other reporting to medical personnel that he “was forced to smoke [a] white substance from [a] pipe” (People v Ortega at 614, 616). The Court held that these statements, including a diagnosis by the attending physician that the victim suffered from “domestic violence [and] asphyxiation,” were relevant to the diagnosis and treatment of the victims, including in one instance a safety plan for her, and thus admissible (People v Ortega at 614). In his concurring opinion, Judge Smith maintained that the Court implicitly recognized (and should adopt) “another hearsay exception, for statements made for purposes of medical diagnosis or treatment” (People v Ortega at 621). Judge Smith believed that hearsay statements which may be relevant to diagnosis and treatment can be interpreted by the trial court in a very broad manner and be admissible evidence, such as “when a patient has a mental health problem, it may often be true that almost any statement about his or her history will be within the hearsay exception” (id. at 622).
Four months later, the Ortega holding was then applied by the Appellate Division, Second Department, in Matter of Anthony H., where a hearing had been conducted pursuant to Mental Hygiene Law § 9.60. This statute, commonly known as *736 Kendra’s Law, was enacted to provide “a system of assisted outpatient (AOT) pursuant to which psychiatric patients unlikely to survive safely in the community without supervision may avoid hospitalization by complying with court-ordered mental health treatment” (Matter of K.L., 1 NY3d 362, 366 [2004]). Eight different criteria must be proved by the petitioner by clear and convincing evidence before the court can order the outpatient treatment, such as that the patient “has a history of lack of compliance with treatment for mental illness that has ... at least twice within the last thirty-six months been a significant factor in necessitating hospitalization” (Mental Hygiene Law § 9.60 [c] [4] [i]). In Matter of Anthony H., the Second Department held, without giving specific examples, that diagnoses in Anthony H.’s medical records, which stated that his hospitalizations were caused by his failure to take his medication, “were admissible under the business record exception to the hearsay rule, because the diagnoses were relevant to his treatment, and could be used to develop a discharge plan that would ensure his safety” (Matter of Anthony H. [Karpati], 82 AD3d 1240, 1241 [2011]).
Here in the proceeding at bar, the respondent is challenging the proposed continuation of a court-ordered treatment plan. The ramifications of noncompliance with the order can result in the Sheriff “picking up” the respondent, bringing her to a hospital emergency room and confining her to the psychiatric ward. During the hearing, the respondent’s former attorney, whom she discharged on the record, objected to hearsay statements contained in various records in the hospital record which were attributable (1) to respondent’s son, who allegedly stated in the Syosset emergency room that his mother wanted to hurt herself and that her family found her in an intoxicated state; (2) to respondent’s son, who claimed to the emergency ambulance personnel that the respondent was suicidal; (3) to respondent’s son, which states in the emergency department record “suicidal ideation as per family . . . patient going through crisis. Patient denies [suicidal ideation]”; (4) to Central Nassau Guidance, in Nassau University Medical Center’s progress notes “that patient only kept her intake appointment and failed to show up for her subsequent medication appointment”; and (5) to Brian Shannon, respondent’s caseworker, that “patient has been non-compliant with meds as evidenced from her recent callings to the caseworker, always verbalizing paranoid ideation associated with family. Patient has been unstable, angry on the phone.”
*737 The court finds that all of these statements in the hospital record are admissible evidence, under the business record exception to the hearsay rule, to support an AOT order since the statements were relevant for the hospital to diagnose, treat and ultimately develop a discharge plan for the respondent (see People v Ortega, supra; Matter of Anthony H., supra). Accordingly, the objections by the respondent to the admissibility of these statements into evidence is overruled, and the aforesaid statements are deemed to be admitted into evidence.
The court turns now to the motion by the respondent’s expert, made in the middle of the hearing, to quash the subpoena served upon him to produce his notes and records on the ground that his notes are privileged pursuant to CPLR 4508 (a) since the expert is a certified social worker. The motion is denied as having no merit. Respondent’s expert testified at the hearing that he not only was a licensed clinical social worker, he is also a certified psychoanalyst and a psychotherapist. His diagnosis of the respondent was that of a psychoanalyst and psychotherapist. Moreover, the respondent waived any statutory social worker-client confidentiality privilege which could exist under CPLR 4508 when she placed her condition in controversy by opposing the continuation of a treatment plan for her (see Velez v Daar, 41 AD3d 164 [2007]).
After reviewing all the testimony and evidence, and in view of the respondent’s consent on the record, through her attorney, of a continued assisted outpatient treatment order for one year, retroactive to September 23, 2011, the court finds that the respondent has met all the criteria for the continuation of an AOT program and order for one year, retroactive to September 23, 2011 (see Matter o f K.L., supra; Matter of Anthony H., supra).