*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                517013
_____

In the Matter of STEVEN
    RACETTE, as Superintendent
    of Great Meadow Correctional
    Facility,
                    Respondent,
        v                                    MEMORANDUM AND ORDER

RAFAEL MESSA,
                    Appellant.
_____

Calendar Date:  November 14, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

                    _____


        Sheila E. Shea, Mental Hygiene Legal Service, Albany
(Shannon Stockwell of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

                    _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Clark, J.),
entered January 14, 2013 in Washington County, which granted
petitioner's application, in a proceeding pursuant to CPLR
article 4, to authorize the involuntary medical treatment and
feeding of respondent.

        Respondent is a prison inmate serving an extended period of
incarceration in the custody of the Department of Corrections and
Community Supervision.  On December 9, 2012, while incarcerated
at Upstate Correctional Facility in Franklin County, respondent
began a hunger strike.  Five days later, respondent was

transferred to Great Meadow Correctional Facility in Washington County in order to receive additional services that were not available at Upstate. While at Great Meadow, respondent continued his hunger strike[1] – consuming only ice chips and water. According to the facility's medical director, respondent indicated that he could not eat due to untreated medical conditions that caused him to experience great pain whenever he ingested solid food. In response, respondent was offered various medications, as well as the option of obtaining a second opinion and receiving treatment at an outside hospital, all of which respondent refused.

Citing both respondent's alarming weight loss and the state's compelling penological interests, petitioner commenced this proceeding in January 2013 seeking, among other things, authorization to force feed respondent. During the course of the hearing that followed, at which petitioner, respondent and the facility medical director appeared and testified, counsel for respondent sought to introduce uncertified copies of respondent's facility medical records into evidence. When this effort proved to be unsuccessful, counsel for respondent requested an opportunity to obtain certified copies of those records; citing the imminent risk to respondent, counsel for petitioner asked that Supreme Court decline to reserve decision and, instead, issue the requested order forthwith. Recognizing the expedited nature of the proceeding and rightfully concerned that any delay could result in grave consequences for respondent, Supreme Court – relying upon the testimony adduced at the hearing – granted petitioner's application and issued the requested order. In so doing, however, Supreme Court informed respondent that, upon request, the court would issue a judicial subpoena for respondent's medical records and, further, would permit

---

[1] Pursuant to Department of Corrections and Community Supervision Directive No. 4309, an inmate will be deemed to be on a hunger strike whenever such inmate "has refused to eat for three consecutive days." Both petitioner and Great Meadow's medical director refined this definition somewhat, stating that an inmate will be found to be on a hunger strike whenever he or she has missed nine consecutive meals.

respondent to pursue additional relief from the court, i.e., a motion to vacate or similar application, at a later date if he so desired.[2]  Nothing in the record suggests that respondent sought to avail himself of the avenues of relief offered by Supreme Court.  Respondent now appeals, contending only that Supreme Court abused its discretion when it denied his request for a continuance in order to obtain certified copies of his medical records.

The record reflects that the order authorizing the force feeding of respondent expired by its own terms in January 2014.  Additionally, the parties acknowledged at oral argument that, after the subject order was issued (and consistent with his testimony as the underlying hearing), respondent voluntarily began consuming liquid nutritional supplements, thereby rendering force feeding unnecessary.  Accordingly, respondent's present claim – that he should have been granted a continuance – is moot (see Matter of Bezio v Dorsey, 91 AD3d 1051, 1052 [2012], affd 21 NY3d 93 [2013]).  As this particular contention does not fall within the exception to the mootness doctrine (see Matter of Bezio v Dorsey, 21 NY3d 93, 98 n 4 [2013]), the appeal is dismissed.

Lahtinen, J.P., McCarthy and Devine, JJ., concur.

---

[2]  The need for the procedural accommodations fashioned by Supreme Court would have been unnecessary if petitioner, who certainly was well aware that respondent's medical condition would be the central issue at the hearing, had simply appeared at the expedited hearing with respondent's complete medical file.

ORDERED that the appeal is dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court