■ In the Matter of MORPHIUS I. LEAKE AND WATTS SERVICES, INC., Respondent; BLOSSOM P.I., Appellant. [48 NYS3d 166]—

Appeal by the mother from an order of fact-finding and disposition of the Family Court, Kings County (Lillian Wan, J.), dated October 21, 2015. The order, after fact-finding and dispositional hearings, found, inter alia, that the mother is

presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child and terminated her parental rights.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

In this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the grounds of mental illness, permanent neglect, and abandonment, the mother was diagnosed with schizoaffective disorder with bipolar features and exhibited delusional behavior. After fact-finding and dispositional hearings, the Family Court found that the petitioner had established by clear and convincing evidence that the mother had permanently neglected the child, that the mother was presently and for the foreseeable future unable to provide proper and adequate care for the child by reason of mental illness, and that the best interests of the child required that the mother's parental rights be terminated and the child freed for adoption.

The mother does not challenge the finding of permanent neglect on appeal. However, contrary to the petitioner's contention, the propriety of the finding of mental illness is not academic. That finding influenced the determination of permanent neglect, and was in and of itself stigmatizing to the mother (*see Matter of Albert Francis B.*, 66 AD3d 769 [2009]).

The agency established by clear and convincing evidence that the mother was unable to properly and adequately care for the child, now and in the foreseeable future, by reason of mental illness (*see* Social Services Law § 384-b [3] [g]; [4] [c]), inter alia, through the testimony of a court-appointed clinical psychologist. Many of the records relied upon by him were admissible as business records (*see Matter of Skylar F. [David Judah P.]*, 121 AD3d 611 [2014]; *Matter of Anthony H. [Karpati]*, 82 AD3d 1240 [2011]) and, in any event, his reliance as an expert upon those records was not error (*see Hinlicky v Dreyfuss*, 6 NY3d 636, 648 [2006]; *Matter of Summer SS. [Thomas SS.]*, 139 AD3d 1118 [2016]; *Matter of Kaitlyn X. [Arthur X.]*, 122 AD3d 1170 [2014]).

The parties' remaining contentions are without merit.

Accordingly, the Family Court properly terminated the mother's parental rights on the ground that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.