Matter of Miller v Hyatt (2019 NY Slip Op 03862)





Matter of Miller v Hyatt


2019 NY Slip Op 03862


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

526904

[*1]In the Matter of CHRISTOPHER MILLER, as Superintendent of Great Meadow Correctional Facility, Respondent,
v
SHANE HYATT, Appellant.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Sheila E. Shea, Mental Hygiene Legal Service, Albany (Shannon Stockwell of counsel), for appellant.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Supreme Court (Auffredou, J.), entered August 31, 2017 in Washington County, which granted petitioner's application, in a proceeding pursuant to CPLR article 4, to authorize the involuntary medical treatment and feeding of respondent.
Respondent is a prison inmate in the custody of the Department of Corrections and Community Supervision. During his incarceration, respondent has engaged in a number of hunger strikes, which resulted in the issuance of court orders authorizing involuntary medical treatment and feeding. In July 2017, while a previous order was still in effect, respondent began another hunger strike, which ultimately resulted in him receiving forced tube feedings for 27 consecutive days. With the previous order set to expire on September 2, 2017, petitioner commenced this proceeding on August 29, 2017, seeking an order that would continue the authorization for the involuntary feeding, hydration and treatment of respondent. Respondent answered and, following a hearing, Supreme Court granted the petition, authorizing the continued involuntary feeding, hydration and medical treatment of respondent for an additional year. Respondent now appeals, essentially contending that the Court of Appeals decision in Matter of Bezio v Dorsey (21 NY3d 93 [1993]) was wrongly decided and, therefore, Supreme Court erred when it applied the controlling and binding legal standard set forth therein, holding that a forced-feeding order is appropriate as long as it is reasonably related to legitimate penological interests.[FN1]
As respondent concedes, the order authorizing the continued force-feeding of respondent expired on August 31, 2018 and respondent has since ended his hunger strike. [*2]Accordingly, respondent's present claim has been rendered moot (see Matter of Racette v Messa, 124 AD3d 1096, 1097 [2015]) and, as the exception to the mootness doctrine does not apply (see Matter of Bezio v Dorsey, 21 NY3d at 98 n 4 [2013]), the appeal is dismissed.
Lynch, Clark, Mulvey and Devine, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: Respondent did not seek a preference (see CPLR 5521).